UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-20214-COOKE

UNITED STATES OF AMERICA

vs.

MAURICIO MARIN,

    Defendant.
_____/

## STIPULATED FACTUAL PROFFER

If this matter were to proceed to trial, the Government would prove the stated facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the Government and the Defendant, **MAURICIO MARIN**, are sufficient to prove the guilt for Count One of Indictment which charges the Defendant with a violation of Title 18, United States Code, Section 1956(a)(3)(B).

In 2018, IRS received information that Company-A[1] accepted tainted funds as payment for legitimate video game products. MARIN worked at Company-A. In January 2019, an IRS undercover agent ("UC-1") represented to MARIN that he needed to dispose of illicit funds quickly because the proceeds came from drug trafficking activity. MARIN suggested and later arranged for UC-1 to create a "shadow account" with Company-A under the name of an another individual. MARIN planned for the UC-1 to deposit cash into that account, which would then be used to fund a $100,000 transaction with one of MARIN's video game clients. These funds

---

[1] Company-A is a Miami-based video game retailer specializing in the wholesale distribution of video games/video game accessories to Central and South America. The parties refer to Company-A under a pseudonym inasmuch as Company-A has been charged in relation to the criminal conduct referenced herein.

1

would not appear to be linked to UC-1, instead appearing under the name of a third-party account owner. On March 19, 2019, MARIN directed the receipt of $100,000 in cash of represented drug proceeds from an individual claiming to work for UC-1 into an account of Company-A, under the name of a third-party, thereby concealing and disguising the nature, location, source, ownership and control of property believed to be the proceeds of drug trafficking. On June 12, 2019, Company-A filed IRS Form 8300 for the cash delivered on March 19, 2019 in the name of the third-party account owner instead of the true owner, UC-1.

Accordingly, if this case had gone to trial, the government could prove, beyond a reasonable doubt, that the defendant did knowingly engage in money laundering of property represented to be the proceeds of controlled substance violations, in violation of Title 18, United States Code, Sections 1956(a)(3)(B).

JUAN ANTONTIO GONZALEZ
UNITED STATES ATTORNEY

Date: 2-16-22

By: ROBERT J. EMERY
ASSISTANT UNITED STATES ATTORNEY

Date: 2-16-22

By: FRANK A. PRIETO
ATTORNEY FOR DEFENDANT

Date: 2-16-22

By: MAURCIO MARIN
DEFENDANT

2